Darlene SYLVESTER et al., Appellants,

v.

Leon GRIFFIN, d/b/a Leon Griffin Company, Appellee.

No. 12105.

Court of Civil Appeals of Texas, Austin.

March 13, 1974.

Rehearing Denied April 10, 1974.

Van Thompson, Jr., Booth & Lloyd, Austin, for appellants.

Malcolm Robinson, Karl H. Moeller, Hooper & Robinson, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a take nothing judgment entered by the district court sitting without a jury, in an action seeking damages by reason of fraud in connection with the sale of mobile home lots by contracts of sale. These lots are located in an unrecorded subdivision called Spring Valley Estates in Travis County. We affirm the judgment.

Two questions are presented in this appeal: the first, whether the trial court abused its discretion in denying appellants' request for a jury trial; the second question involves the quantum of evidence relative to the court's findings on fraud and damages.

I.

As shown by the transcript herein, this case was originally filed on June 13, 1972.

The first notice of setting was filed October 27, 1972, with trial to be held before the court on November 16. The next notice of setting was dated February 28 and the trial set on April 3, 1973. Each setting was secured on motion of appellee. Appellants filed their application for jury trial on March 9, 1973. Appellee's response was a motion to strike. This motion was then set for hearing before the court, and although no record of the proceedings was made at this hearing (consequently, there being no statement of facts before this Court) the court ruled:

" . . . after considering the record in this cause of action and that such application for jury trial would unduly delay this matter, (the court) is of the opinion that such application for jury trial be stricken . . . "

Subsequently, the trial court made the following findings of fact:

"(28.) The Motion for Continuance and Application for Jury Trial filed herein by Plaintiffs were filed for purposes of delay, vexation, harrassment, and the purposes set out therein were untrue, groundless, and without merit.

(29.) Further delay in this cause would have disrupted the dockets of the District Courts of Travis County and unduly inconvenienced this Court and the parties hereto.

(30.) The setting for trial before the Court on April 3, 1973, was a preferential setting of long standing, and the failure to submit a timely application for Jury Trial was solely due to want of diligence by the Plaintiffs."

Appellants assert their constitutional right [1] to trial by jury and that such request was timely made under Rule 216,[2]

1. Art. I, Sec. 15; Art. V, Sec. 10, Constitution of Texas, Vernon's Ann.St.

2. Rule 216, T.R.C.P. is as follows: "No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury

Texas Rules of Civil Procedure. Appellants maintain that the court abused its discretion by this denial. While appellants made demand for a jury and paid the necessary fee more than ten days in advance, this is not necessarily timely as a matter of law and in view of the circumstances mentioned above we hold that the trial court did not err in denying a jury trial in this case. Texas Oil and Gas Corp. v. Vela, 429 S.W.2d 866 (Tex.1968).

## II.

■ Appellants' second point complains of the ruling of the trial court that no fraud was committed upon appellants by appellee concerning the suitability for normal domestic use and human consumption of the water from the water supply system at Spring Valley Estates; and, that no damage has been sustained by appellants by reason of such fraud because such findings are contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. Appellants also complain that there is insufficient evidence to support these findings. We overrule these points.

The synthesis of appellants' case is that the appellee (seller of the lots in Spring Valley) represented to the purchasers (appellants herein) that the water in Spring Valley Estates was fit to drink and thereby induced them to purchase lots. The water was not fit to drink. Because of this, the lots were worth less than the prices charged; consequently, appellants sustained damages.

After a lengthy trial at which many witnesses testified (witnesses included many people living in Spring Valley and also water experts), the court made the following findings of fact: "(6.) The well water available to residents of Spring Valley is of the type commonly known as "hard" water; (7.) The Water available to residents of Spring Valley is the same as or similar to the water generally available through wells in that geographic area of the State; (8.) Defendant informed all Plaintiffs prior to their purchase of lots that the water in Spring Valley was "hard"; (9.) No other representations were made by Defendant or his agents to any Plaintiff in regard to water quality other than that it was "hard"; (10.) The water supplied by Defendant to the residents of Spring Valley causes no hazard or ill effects to persons or property; (11.) At least one Plaintiff purchased three (3) additional lots after moving on the property and using the water; (12.) All Plaintiffs were given water or were offered the opportunity to test the water at Spring Valley prior to purchase; (13.) The well water at Spring Valley is drinkable and useable for normal household purposes; (14.) No Plaintiff has sustained damages as a result of the water in Spring Valley; (15.) All Plaintiffs were either aware of the meaning and consequences of "hard" water prior to purchasing lots; or, failed to complain or demand recision of their contracts after having tasted and learned the meaning of "hard" water; (16.) No misrepresentations were made by Defendant in regard to the water supply at Spring Valley and all representations made by Defendant in regard to the water supply were true."

There were witnesses, however, who testified that the water was unfit to drink. These included one from the Texas State Department of Health. This witness testified that there was an abnormal amount of iron concentration in the water. He also testified that there was more sulphur and oxygen in the water than there should have been. This witness testified further that there was too much fluoride in the water which could cause discoloration of teeth in children under fourteen years of age. However, on cross-examination, it was brought out that water districts all over Texas had water containing higher

docket, but not less than ten days in advance. The clerk shall promptly enter a notation of

the payment of such fee upon the court's docket sheet."

amounts of objectionable ingredients than those in the Spring Valley system.

There was ample testimony that the water was potable and not unduly harmful for human consumption. There is evidence that the salesmen representing the subdivision told prospective buyers that the water in question was hard water and that no other representations were made thereto.

We find from an examination of the statement of facts made at the trial on the merits, that there was sufficient testimony to support the findings of the trial judge set out above.

The judgment of the trial court is affirmed.

Affirmed.