**Arthur Gaylon YOUNG, Appellant,**

v.

**Reed Bates YOUNG, Appellee.**

No. 13040.

Court of Civil Appeals of Texas,
Austin.

Oct. 24, 1979.

Rehearing Denied Nov. 14, 1979.

Broadus A. Spivey, Spivey & Grigg, Austin, for appellant.

John H. Akin, Pearce, Smith & Akin, Austin, for appellee.

SHANNON, Justice.

This appeal concerns claimed error by the district court in striking appellant's demand for jury trial filed fourteen days before trial date. Tex.R.Civ.P. 216 (1976).

Appellee, Reed Bates Young, filed suit for divorce against appellant Arthur Gaylon Young in the district court of Travis County. By her suit, appellee, among other things, sought to be named managing conservator of the couple's infant son. Over appellant's objection, trial was to the court. After trial, the court entered judgment favorable to appellee. We will affirm the judgment.

Appellant attacks the judgment by one point of error claiming that the district court erred in striking appellant's jury demand.

In response to appellant's request, the district court prepared and filed findings of fact and conclusions of law concerning the hearing on appellee's motion to strike the jury demand. The district court found that appellee filed the petition for divorce on September 13, 1978. On November 27, 1978, the case was set for trial on the non-jury docket for February 20, 1979. On February 1, 1979, appellant gave notice of substitution of counsel whereby Broadus Spivey became attorney of record. Appellant filed a jury demand and paid the jury fee on February 6, 1979, which was fourteen days prior to the date set for non-jury trial. But for the demand for jury trial, the case would go to trial on February 20, 1979, because of its relatively high position on the docket. No jury would be available to hear the case on February 20, 1979. If the demand for jury were not stricken, an unreasonable delay of the trial would result. The jury demand was not made within a reasonable time before February 20, 1979.

The district court concluded that appellant's demand for jury trial filed by appellant on February 6, 1979, was not timely made as required by Tex.R.Civ.P. 216.

The Travis County court administrator testified at the hearing that if the case were to be tried to a jury, the earliest firm setting would be in August, 1979. The parties agreed that appellee had been accepted to the University of Texas School of Medicine in Galveston for the term to commence early in the summer of 1979.

Rule 216 requires that the demand for jury be made and the fee paid "on or before appearance day or, if thereafter, *a reasonable time* before the date set for trial of the cause in the non-jury docket, but not less than ten days in advance." (Emphasis added). A demand for jury made ten days in advance is not necessarily timely as a matter of law. *Texas Oil & Gas Corporation v. Vela*, 429 S.W.2d 866 (Tex.1968); *Sylvester v. Griffin*, 507 S.W.2d 649 (Tex. Civ.App.1974, no writ); *Jackson v. Jackson*, 524 S.W.2d 308 (Tex.Civ.App.1975, no writ). In the case at bar, no jury was available to hear the case on February 20, 1979. The next available jury setting was in August, 1979, some six months later. In view of those circumstances, the district court did not err in finding that the request for jury was not made a reasonable time in advance of the trial setting. *Texas Oil & Gas Corporation v. Vela, supra.*

The judgment is affirmed.