**Richard T. MARTINEZ, Appellant,**

v.

**DEPT. OF HUMAN RESOURCES Acting By and Through Elva Esperanza ESTRADA, Appellee.**

**No. B2723.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 29, 1981.

Mike V. Gonzalez, Del Rio, for appellant.

L. Sue Funk, Justilian (Jesse) Martin, Jr., San Antonio, Ann Clarke Snell, Asst. Atty. Gen., Dept. of Human Resources, Austin, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Richard T. Martinez appeals from a judgment entered in favor of the Texas Department of Human Resources, acting by and through Elva Esperanza Estrada. We affirm.

This is a paternity suit. The Texas Department of Human Resources on behalf of Elva Esperanza Estrada (Estrada), both parties being the appellees herein, brought this action alleging that Richard T. Martinez (Martinez), the appellant, was the biological father of the child Japeth Rodney Estrada. The trial court ordered blood tests to be taken and thereafter a pre-trial conference was held. The evidence presented at the conference was the mother's testimony relating to her personal relationship with the alleged father and the results of the blood tests. After the hearing the court ordered the matter to proceed to a trial on the merits.

Trial was set for January 2, 1979, however, the parties agreed to re-set the trial for January 18. Mr. Martinez made his demand for a jury and paid the corresponding fee January 8. When the matter proceeded to trial, no jury was available as the judge held a timely demand was not made and to provide a jury at that time would have caused an unreasonable delay. Over appellant's objection the matter proceeded to trial without a jury. The appellees' evidence consisted of the mother's testimony relating to her personal relationship with the alleged father and the deposition of one of the doctors who administered the blood grouping tests. The appellant presented as opposing evidence his testimony denying any sexual relations with the mother, and the testimony of two friends who allegedly knew the mother around the time of conception. Both witnesses testified they too never had sexual contact with the mother. The court found Martinez to be the biological father of the child, and further ordered him to pay monthly child support payments. It is from this judgment appellant has brought forth this appeal.

The appellant's first point of error contends the trial court erred in holding there was sufficient evidence presented at the pre-trial conference to hold the matter over for trial.

The procedures involved in a suit to establish paternity are specifically set out in the Tex. Fam. Code Ann. §§ 13.01–13.09 (Vernon Supp. 1980–1981). Applying the statutory requirements and the corresponding rules of evidence to the facts in this case we find the trial judge was correct in his findings. The first step to follow in a

paternity suit is the taking of blood tests by court appointed examiners. §§ 13.02, 13.-03.[1] After the tests are completed a pre-trial conference is to be held between all parties and the court. §§ 13.04, 13.05. The purpose of the conference is for the court to determine whether the blood tests show by clear and convincing evidence the alleged father is not the father of the child. § 13.05. If the tests fail to show the alleged father is not the father of the child the suit shall then be set for trial. § 13.05. This decision is to be based on the deposition or live testimony of the court-appointed examiners and witnesses the parties or the court call for examination. § 13.04. If the suit is ordered to proceed to trial and the jury, or the court if there is no jury, finds the alleged father is the father of the child, the court must enter an order declaring this finding. § 13.08. The effect of this decree is to "create the parent-child relationship between the father and the child as if the child were born to the father and mother during marriage." § 13.09.

In the case at bar, the trial court ordered blood tests to be taken and further appointed two doctors to administer the tests. The mother, alleged father and child submitted to the tests and the results were introduced at the pre-trial conference in addition to the mother's testimony relating to her relationship with the alleged father. The record of the pre-trial conference indicates the court appointed examiners did not appear at the conference nor were their depositions presented to the court. In fact, the entire record of the hearing consists solely of the testimony of the mother and two exhibits reflecting the blood tests and the doctors' evaluations of the results. No objection was made at any time during the conference as to the evidence presented or the non-presentation of any witnesses or depositions. Appellant complains for the first time on appeal that he was denied his right to cross-examine the medical witnesses due to their non-appearance. We find

that appellant has waived his right to complain of this action. Further, upon examination of the record from the pre-trial conference we find neither opposing evidence directed at the testimony of the mother as relating to her relationship with the alleged father nor objections relating to the introduction of the blood tests. Therefore, we are compelled to uphold the trial court's order setting the suit for trial, wherein the court held:

"the Court finds from the evidence that the blood tests taken failed to show by clear and convincing evidence that the alleged father, Richard T. Martinez, is not the father of the child, Japeth Rodney Estrada. And consequently, the Court will proceed, then, to hold the matter over for trial."

Accordingly we overrule appellant's first point of error.

The appellant in his third point of error contends the trial court erred in holding there was sufficient evidence presented at the trial on the merits to find Martinez to be the father of the child. In support of this contention, appellant contends the mother's uncorroborated testimony in a paternity suit is insufficient to support a judgment that an alleged father is the biological father of the child. The evidence presented at the trial on the merits consisted of: (1) the record from the pre-trial conference (§ 13.04(c)) which contained the mother's testimony and the results of the blood tests; (2) the mothers's testimony relating to her sexual contacts with the appellant and the time of conception coinciding with this period of time; (3) the deposition of one of the doctors who administered the blood tests which indicated the possibility of the appellant being the biological father of the child; (4) Martinez's testimony denying ever having sexual contact with the mother, and (5) the testimony of two friends of the mother wherein both denied ever having sexual relations with Estrada.

---

1. Unless otherwise indicated, all references are to chapter and sections of the Tex. Fam. Code

Ann. (Vernon Supp. 1980–1981).

Our research reveals no Texas cases or statutory authority which directly address the issue of whether the mother's uncorroborated testimony is sufficient to support the finding that the alleged father is the biological father of the child. Other states which have addressed this issue have been historically divided on what the rule should be. *See* Annot., 1 A.L.R. 635 (1919). The common law offers little guidance on this controversy. The English Statute of 1834 expressly requires that the mother's testimony in a bastardy proceeding be corroborated. This rule is based on statutory authority, however, as previously noted, Texas has no statute to this effect. Those jurisdictions in the U.S. which do require corroboration seem to base this requirement either on a statute that the State's legislature has enacted or are "influenced by the criminal nature of the early English and American bastardy proceedings." Smith, E., *Illegitimate Children and Their Fathers: Some Problems with Title 2*, 5 Tex.Tech.L.Rev. 613, 616 (1973–1974).

■ A paternity suit in Texas is a civil action as no penal sanctions are aimed at the alleged father. Rather, the alleged father is faced with the possibility of being named a parent of the child and thereby acquiring the duties and rights associated with being the parent of the child, i.e. support, care and maintenance. We express the view that the growing trend among the other jurisdictions in the U.S. is that in the absence of a statute requiring corroboration of the testimony of the mother, such corroboration is not essential to a finding that the alleged father is the biological father, so long as her testimony is clear and convincing and the alleged father has had the opportunity to contradict the testimony. This trend is dictated by public policy as the best interests of the child and not the alleged father are of utmost importance.

■ In the case at bar, nothing in the record indicates the mother's uncorroborated testimony alone was taken by the court as conclusive proof of paternity. The mother's testimony does constitute some proof and taken with the other evidence presented at trial we find there exists sufficient evidence to support the trial court's judgment. Therefore, we are not confronted with the proper fact situation to make a ruling on whether the mother's uncorroborated testimony *alone* is sufficient to make a finding of parenthood in a paternity suit. We do note, however, what the national trend is. Accordingly, we overrule appellant's third point of error and hold the trial judge was correct in his ruling that sufficient evidence had been presented at trial to find Martinez was the biological father of the child.

■ Appellant in his second point of error contends the trial court erred in failing to provide a jury after a timely demand was made. In support of this contention, appellant relies on Tex.R.Civ.P. 216 which requires that the demand for a jury trial and the payment of the corresponding fee be made "on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance." In interpreting this rule, the Texas Supreme Court has held, "that a demand made ten days in advance is not necessarily timely as a matter of law. . . ." *Texas Oil and Gas Corp. v. Vela*, 429 S.W.2d 866, 877 (Tex.1968). In viewing the circumstances and nature of the case at bar we find the trial court did not err in its finding that the request for a jury was not made within a reasonable time. The trial date was originally set for January 2, 1979. Both parties, however, agreed to re-set the trial on the non-jury docket for January 18. No demand for a jury was made until January 8. The trial court on January 18, held that he had no notice of a demand for a jury until January 18, that the case could not be heard for two or three months if he granted a jury trial and that if notice had been timely given a jury could have been made available January 18. The court further pointed out that due to the nature of the case and in observance of the best interests of the child, to hold the matter over until a jury was available would result in an unreasonable delay. Accordingly, we find

the trial judge was correct in its finding that the demand for a jury was not made timely. *Texas Oil and Gas Corp. v. Vela id.; Young v. Young,* 589 S.W.2d 520 (Tex.Civ. App.–Austin 1979, writ dism'd); *Jackson v. Jackson,* 524 S.W.2d 308 (Tex.Civ.App.– Austin 1975, no writ); *Sylvester et al. v. Griffin,* 507 S.W.2d 649 (Tex.Civ.App.–Austin 1974, no writ). Appellant's second point of error is overruled.

Affirmed.