**Jack E. GAINES, Appellant,**

v.

**Marjorie H. GAINES, Appellee.**

**No. 13–83–315–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Roger Butler, Corpus Christi, for appellant.

M.W. Meredith, Jr., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

Appellant, respondent, seeks reversal of a divorce decree from appellee, petitioner. The two issues on appeal are whether the trial court abused its discretion in denying appellant a jury trial, and whether the trial court should have referred appellant's motion to disqualify to the presiding judge of the administrative district. We affirm.

The record shows that appellee filed for divorce on April 13, 1982. Subsequently, a divorce hearing was set for June 28, 1982, but was not held because of settlement negotiations by the parties. Appellant obtained separate counsel in August, 1982, and filed his answer on August 20, 1982. A non-jury trial set for December 16, 1982, was delayed by the trial court's action in granting appellant's first motion for continuance on December 14, 1982. On Decem-

ber 22, 1982, the trial court reset the case for a nonjury docket on February 3, 1983.

Appellant did make a jury request and pay the required $25.00 fee but not until January 20, 1983. Appellant requested a pre-trial conference by correspondence on or about January 27, 1982. The record does not show any action by the trial court on the jury demand until appellant was notified on February 2, 1982 at about 2:00 p.m. that the trial set for February 3, 1982 at 9:00 would be a non-jury trial.

At trial, appellant made a second motion for continuance and asked leave of the court to file a brief in support of his request for a jury trial. The court overruled the motion and proceeded to try the case. Appellant refused to participate in the trial other than to object to proceeding without a jury and to obtain a bill of exception on the objection. Appellee put on its case by calling each of the parties as witnesses to the property held by both parties, along with exhibits delineating the same. At the conclusion of the trial, the court indicated that it was granting the divorce and taking the property settlement under advisement.

On February 8, 1983, appellant filed a motion to disqualify the trial judge. The court overruled the motion because it was not timely filed under TEX.R.CIV.P. 18a, on February 22, 1983. On March 8, 1983, appellant posted a cash bond and requested that the motion for disqualification of the trial judge be referred to the presiding judge of the proper administrative district for a hearing. The trial court signed and filed the final divorce decree on March 24, 1983. The decree included reasons why the jury demand was denied. Thereafter, the trial court set a hearing for May 20, 1983 upon appellant's motion for new trial of April 20, 1983. When appellant failed to appear, appellee's testimony on the motion was heard. The motion for new trial was overruled and appellant appealed.

■ Appellant's first point of error is that the trial court abused its discretion in denying his demand for jury. Tex.R.Civ.P. 216 governs the request for a jury trial and payment of a fee:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. TEX.R.CIV.P. 216.

According to *Coleman v. Sadler*, 608 S.W.2d 344 (Tex.Civ.App.—Amarillo 1980, no writ), although our Texas Constitution provides that the right of trial by jury is inviolate, the right is not absolute in civil cases. However, when the jury demand under Rule 216 is made more than ten days in advance of the date set for trial, such demand is presumed to have been made within a reasonable time.

■ The Supreme Court decided in *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866 (Tex.1968), that a demand for a jury with payment of the fee ten days before trial was not necessarily timely as a matter of law, and that in view of the circumstances mentioned there the trial court did not err in denying a jury trial. The Court cited three factors why the demand was not made within a reasonable time. These factors are that the granting of a jury trial would: 1) result in an unnecessary delay in the court's docket; 2) interfere with the handling of the court's business; and 3) prejudice other parties. *See Martinez v. Dept. of Human Resources, Etc.*, 620 S.W.2d 805 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Young v. Young*, 589 S.W.2d 520 (Tex.Civ.App.—Austin 1979, writ dism'd); *Jackson v. Jackson*, 524 S.W.2d 308 (Tex.Civ.App.—Austin 1975, no writ); *Sylvester v. Griffin*, 507 S.W.2d 649 (Tex.Civ.App.—Austin 1974, no writ). Circumstances of the present case, fall within the three factors established by *Vela* and subsequent cases. Granting the jury demand would have: 1) resulted in a postponement until August, 1983; 2) interferred with the court's ability to schedule its docket; and 3) further prejudiced appel-

lee, since she originally filed the petition in April, 1982. Therefore, the trial court was entitled to conclude that the demand for jury was not made within a reasonable time.

*Peck v. Ray*, 601 S.W.2d 165 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.); *Gallagher v. Joyce*, 459 S.W.2d 221 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.); and *Coleman* held that it would be an abuse of discretion for the trial court to refuse a jury demand unless the record reflected the three factors of *Vela*.

■ Under his first point of error, appellant also contends that a pre-trial hearing should have been convened under TEX.R. CIV.P. 166 and 248. These rules are directory procedures that are designed to help streamline the disposition of pre-trial issues. We reject the contention because of the advisory language and the discretionary nature of pre-trial hearings.

Family law courts generally exercise wide ranges of discretion in divorce cases involving property dispositions, and their judgment is subject to correction only when abuse of discretion is shown. TEX.FAM. CODE ANN. § 3.63 (Vernon Supp.1984). *See Bray v. Bray*, 618 S.W.2d 93 (Tex.Civ. App.—Corpus Christi 1981, writ dism'd). We hold that the trial court did not abuse its discretion. Appellant's first point of error is overruled.

■ Appellant's second point of error is that the trial court erred in not referring his motion to disqualify to the presiding judge of the administrative district. Two of the four authorities in the briefs which discuss disqualification of trial judges are clearly not applicable here because: 1) appellant has not alleged any of the three disqualification circumstances provided by

TEX.CONST. art. V, § 11, (interest, consanguinity, or "of counsel") reiterated at TEX.REV.CIV.STAT.ANN. art. 15 (Vernon 1969); and 2) The language in Canon 3 of the Code of Judicial Conduct ("should") is advisory and not mandatory. Texas Supreme Court, Code of Judicial Conduct, Canon 3, part C (Vernon Supp.1974).

■ Each of the remaining two authorities has a potential impact on appellant's second point of error. TEX.R.CIV.P. 18a. provides the procedure for recusing or disqualifying a trial judge. Appellant has not complied with Rule 18a in three ways: 1) his motion was not timely under Rule 18a(e)[1] in that it was not filed at the earliest practicable time, 2) he did not give the three days notice of the presentation of his motion to the judge under Rule 18a(b),[2] and 3) he did not allege abuse of discretion on his appeal from the final judgment under Rule 18a(f).[3] In *Autry v. Autry*, 646 S.W.2d 586 (Tex.App.—Tyler 1983, no writ), appellant's motion to disqualify was held to be not timely filed under Rule 18a and, therefore, barred on appeal the complaint that the judge simply denied the motion. Appellant's failure to comply with Rule 18a eliminates consideration under Rule 18a on appeal.

Article 200a, section 6 provides, in part, that:

A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court. TEX.REV. CIV.STAT.ANN. art. 200a, § 6 (Vernon 1977).

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex. 1979), it was held that under the express terms of Article 200a, § 6, the trial judge

---

1. If within ten days of the date set for trial or other hearing a judge is assigned to a case, the motion shall be filed at the earliest practicable time prior to the commencement of the trial or other hearing.

2. On the day the motion is filed, copies shall be served on all other parties or their counsel of record, together with a notice that movant expects the motion to be presented to the judge three days after the filing of such motion unless otherwise ordered by the judge.

3. If the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment.

had a mandatory duty to request the presiding judge to assign another district judge to hear the motion to recuse. The Court pointed out, however, that the motion to recuse does not in itself disqualify the judge.

In *Robb v. Robb,* 605 S.W.2d 390 (Tex. Civ.App.—El Paso 1980, no writ), the flaws in Article 200a, § 6 on recusal were described as not requiring legally sufficient grounds for asserting the motion and not setting limits on the form, time or contents of the motion. *Cameron v. Greenhill,* 582 S.W.2d 775 (Tex.1979), cited by *Robb,* held that trial judges should not always recuse themselves, especially where disqualification would put power in the hands of litigants to frustrate our judicial system. *Buckholts Independent School District v. Glaser,* 632 S.W.2d 146 (Tex.1982) maintained that a judge "has a duty" to recuse himself under Article 200a, § 6. But it also says the Legislature did not intend a disqualification that would make all actions void. In *Limon v. State,* 632 S.W.2d 812 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), both Article 200a, § 6 and Rule 18a were discussed. A footnote explained that Rule 18a now defines the procedure for application of Article 200a.

■ There are three reasons why appellant's contentions based on Article 200a, § 6, are without merit:

1) On his motion to disqualify, appellant does not establish enough information to warrant referral of the motion to the presiding judge. *McClenan v. State,* 661 S.W.2d 108, (Tex.Crim.App.1983).

2) If Rule 18a controls the application of Article 200a, § 6, then non-compliance under Rule 18a would also defeat a motion under Article 200a, § 6. *See Limon,* at 816.

3) The trial court's failure to refer the motion to the presiding judge was error, but in view of the lateness in the proceeding and the broad discretion in family law matters, the error was harmless. *See McClenan* at 110.

Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.