Cherilyn Marie Gerland
**CRITTENDEN,**
**Appellant,**

v.

**Burr Louis CRITTENDEN,**
**Jr., Appellee.**

No. 04–99–00933–CV.

Court of Appeals of Texas,
San Antonio.

April 11, 2001.

Rehearing Overruled May 22, 2001.

David Moody, Law Office of David Moody, P.C., Lubbock, for Appellant.

Iwin E. Pape, Jr., Moore, Pape & Dwyer, L.L.P., Seguin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

PAUL W. GREEN, Justice.

Cherilyn Marie Gerland Crittenden appeals a no-fault divorce granted to Burr Louis Crittenden, Jr. The question is whether the trial court erred by denying Cherilyn a jury trial on the issue of whether Burr could prove the marriage had become insupportable. Because we hold the request for jury trial was untimely, we affirm the judgment of the trial court.

### Background

After fourteen years of marriage, Cherilyn sued Burr for a divorce. Burr counter-petitioned. Agreed temporary orders were entered, and the case was set for trial. Neither party requested a jury trial. On Cherilyn's motion, the trial date was continued and the case was successfully mediated. Burr and Cherilyn signed a settlement agreement covering the division of property and child custody and maintenance issues; however, when Cherilyn later refused to sign an agreed divorce decree, Burr set the case for trial on the nonjury docket. After the trial date was reset three more times, Cherilyn filed a notice of nonsuit on her petition for divorce. The trial court signed the order of nonsuit the same day, but noted Burr's counterpetition and suit for enforcement of the settlement agreement were still pending. Eight days later, Cherilyn for the first time requested a jury trial. At a pretrial hearing on the day of trial, the trial court denied Cherilyn's motion for jury trial and motion for continuance. Following an evidentiary hearing, the trial court granted Burr a no-fault divorce and entered the divorce decree in accordance with the settlement agreement.

### Right to Jury Trial

Cherilyn complains the trial court committed reversible error when it denied her motion for jury trial. *See* TEX. CONST. art. 1, § 15; TEX. FAM.CODE ANN. § 6.703 (Vernon 1998). To be entitled to jury trial, a party must make a jury request in writing, filed with the clerk of the court, within a reasonable time before the date set for trial, but not less than thirty days before trial. TEX.R. CIV. P. 216(a). Cherilyn's request is presumed timely because it was filed more than thirty days before the actual trial date. *See Halsell v. Dehoyos,* 810 S.W.2d 371, 371 (Tex.1991). However, the party opposing the request may rebut the presumption by showing a jury trial will: (1) injure the party, (2) disrupt the trial court's docket, or (3) impede the ordinary handling of the court's business. *Id.; Tex. Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 877 (Tex.1968); *Southern Farm Bureau Cas. Ins. Co. v. Penland,* 923 S.W.2d 758, 760 (Tex.App.—Corpus Christi 1996, no writ); *Grossnickle v. Grossnickle,* 865 S.W.2d 211, 212 (Tex. App.—Texarkana 1993, no writ); *Weng Enterprises, Inc. v. Embassy World Trav-*

*el, Inc.*, 837 S.W.2d 217, 222 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Wittie v. Skees*, 786 S.W.2d 464, 466 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

 Burr objected to Cherilyn's request for jury trial, pointing out the trial had been continued numerous times at Cherilyn's request, Cherilyn had previously agreed to a settlement, no jury was available for the date of trial, the next available jury trial setting was six months away,[1] and the request for jury trial appeared simply another attempt to delay the divorce despite the settlement agreement. Given these circumstances, the trial court could have found the request for jury trial was not timely filed. The trial court did not abuse its discretion in denying Cherilyn a jury trial. *See Gaines v. Gaines*, 677 S.W.2d 727, 729–30 (Tex.App.—Corpus Christi 1984, no writ); *Young v. Young*, 589 S.W.2d 520, 521 (Tex.Civ.App.—Austin 1979, writ dism'd); *see also Universal Printing Co., Inc. v. Premier Victorian Homes, Inc.*, 2001 WL 170964, at *7–10 (Tex.App.—Houston [1st Dist.] February 22, 2001, no pet. h.) (applying *Vela* factors to determine whether trial court abused its discretion by denying jury trial when request was timely filed but jury fee was paid ten days before trial).

### Conclusion

We hold the trial court did not abuse its discretion in denying Cherilyn's request for jury trial. Having overruled all of

---

1. Cherilyn wrote a letter regarding her case to one of the two judges in the district. As a result, he recused himself, leaving only one judge available to hear the case.

2. Cherilyn also presented six issues challenging the constitutionality of the no-fault

Cherilyn's issues,[2] we affirm the judgment of the trial court.

divorce statute, evidentiary rulings, and sufficiency of the evidence to support the judgment. Because those issues involve questions of settled law, they are addressed in a Memorandum Opinion issued concurrently with this opinion. *See* Tex.R.App. P. 47.1.