COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| IN RE: | | No. 08-21-00122-Cv |
| | § | |
| ANGELICA ARAMBULA, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator Angelica Arambula has filed a petition for a writ of mandamus against the Honorable Jesus Rodriguez, judge of the County Court at Law No. 5 of El Paso County. Arambula contends that the trial court abused its discretion by (1) setting this matter for a bench trial when Arambula paid the jury fee more than 30 days prior to trial and (2) denying her request for a continuance to obtain more discovery. Real party in interest Harry Frederick Mandell counters that the trial court did not abuse its discretion, alleging that Arambula's actions were injurious delay tactics intended to allow her to continue benefitting financially from the terms of an interim mediated settlement agreement while divorce proceedings continue along indefinitely.

We conclude that the dispute surrounding the continuance is moot. However, Arambula has shown that the trial court abused its discretion by denying her demand for a jury trial. We will conditionally grant mandamus relief.

**BACKGROUND**

This mandamus action arises from an ongoing divorce case. Arambula filed for divorce from Mandell on September 25, 2018. In October 2019, Mandell counter-petitioned for divorce. Arambula and Mandell then entered into a Temporary Order Mediated Settlement Agreement (MSA) in which the couple agreed to pass on the temporary orders hearing scheduled for October 28, 2019. Among the terms of that agreement, the parties agreed they would jointly reside in the same residence until Arambula found a new home of her choosing, or until further orders from the court. Mandell agreed to participate in the purchase of Arambula's new home, as well as to pay all maintenance costs, mortgage payments, utilities, taxes, and insurance on the marital home. Additionally, Mandell agreed to pay for:

- all vehicle payments and insurance on both parties' vehicles,

- all tuition and education expenses for their children,

- the cost of real estate school for Arambula, and

- $2,500 a month to Arambula.

Additionally, the parties agreed to execute mutual financial releases within 14 days of the mediation; while Mandell would also provide certain bank statements. No limits were imposed on Arambula's ability to request more records through discovery. Lastly, inventories would be exchanged by January 2020.

Arambula was originally represented by attorney Victor Parra. Attorney Lyda Ness-Garcia substituted in as counsel for Arambula in August 2019. In August 2020, the trial court set a bench trial for December 1, 2020. In October 2020, Arambula retained attorney Heather Ronconi to substitute for Ness-Garcia. Ronconi filed a motion for continuance, and on March 26, 2021, the trial court reset the bench trial in this case to July 21, 2021.

On May 17, 2021, attorney Ronconi filed a motion to withdraw as counsel, and Arambula's new attorney, Doris Sipes, entered an appearance on June 2, 2021. On June 3, 2021, Sipes filed a motion for continuance of the July 21, 2021, trial date. The motion for continuance stated that Sipes needed additional time to prepare for the final hearing, and that the court would need to appoint an attorney ad litem to review files from Mandell's law practice, in which Mandell had invested community property. On June 17, 2021, Arambula filed a demand for trial by jury. The issues to be tried are conservatorship, fault, fraud, breach of fiduciary duty, the value of the law practice, and post-divorce maintenance.

The trial court held a hearing on June 21, 2021. On June 22, 2021, Arambula filed a second supplemental motion for continuance, citing difficulties in obtaining and reviewing case materials from the District Clerk and from previous counsel.

On July 7, 2021, the trial court held another hearing on all pending motions. On July 9, 2021 , the trial court signed a handwritten order denying Arambula's requests. The order stated, in relevant part, as follows:

(1) In regard to petitioner's request to review respondent's clients' files: such request is denied in that said files carry the attorney/client privilege, work-product privilege and also contain confidential information. Said privileges and confidentiality strongly outweigh any benefit that may arise from reviewing respondent's clients' files.

(2) Jury request: court denies petitioner's jury trial request and finds it to be untimely. Though the request was made over 30 days before the current trial date, setting this matter for a jury trial will cause a tremendous delay under the current circumstances. The next possible jury would cause a delay of at least six months, and most likely more due to the bottleneck of jury trials that need to be heard and the limited facilities of El Paso County.

(3) Court denies the request for a continuance. . . .

On July 15, 2021, Arambula filed this mandamus petition with the Court, along with a Rule 52.10 motion for emergency relief seeking a stay of the trial court setting. On July 19, 2021,

3

the Court granted emergency relief and ordered a stay of the July 21, 2021 non-jury trial setting. The stay order permitted discovery to continue pending resolution of the underlying mandamus petition.

## DISCUSSION

In her mandamus petition, Arambula raises two complaints in three issues. First, she contends that the trial court abused its discretion by quashing her request for a jury trial. Second, she asserts that the trial court abused its discretion by failing to grant her a continuance of the July 21, 2021, trial setting. Third and finally, she generally contends she lacks an adequate remedy by appeal as to her first and second issues.

### *Standard of Review*

To be entitled to mandamus relief, a relator must show both that the trial court clearly abused its discretion, and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)(orig. proceeding). The burden is on the relator to show entitlement to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding).

### *Continuance*

We address the continuance issue first. Arambula asserts that the trial court abused its discretion by denying her a continuance of trial, given that she had hired new counsel approximately two months before trial and her new counsel allegedly had difficulties obtaining the records needed from previous counsel. Mandell argues the dispute surrounding Arambula's request for a continuance is now moot, since this Court's stay order had the practical effect of granting Arambula the relief the trial court withheld.

Mandell is correct. By granting emergency relief that stayed trial while still allowing for

4

the continuation of discovery, the Court effectively granted the continuance the trial court withheld, and the issue regarding the propriety of the trial court's denial of the continuance for the purposes of conducting additional discovery is now moot. *See In re Crum*, No. 12-21-00149-CV, 2022 WL 119186, at *3 (Tex. App.—Tyler Jan. 22, 2022, orig. proceeding)(mem. op.)(mandamus complaint moot where several months had passed since mandamus petition was filed and appellate court's emergency stay order permitted discovery to continue in the interim).

We overrule Issue Two as moot. We overrule Issue Three to the extent it pertains to Issue Two.

### Jury Trial Demand

We next turn to the question of whether Arambula timely filed her jury demand. We find that she did.

The right to a jury trial is fundamental to our democracy. *See* U.S. CONST. Amend. VII; TEX. CONST. art. 1. Cases determining conservatorship may be heard by a jury. *Sims v. Sims*, 623 S.W.3d 47, 62 (Tex. App.—El Paso 2021, pet. denied)(citing TEX. FAM. CODE ANN. § 105.002(c)(1)). The trial court's denial of a request for a jury trial may be reviewed by mandamus, since although jury demand issues may be raised during an appeal, trial court error on this front would lead to forfeiture of an important constitutional right, and mandamus review allows this error to be corrected pretrial. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004); *In re Willis*, No. 01-21-00208-CV, 2021 WL 2006317, at *2 (Tex. App.— Houston [1st Dist.] May 20, 2021, orig. proceeding)(per curiam)(mem. op.). An appeal is not an adequate remedy for a trial court's legal error in denying a request for a jury trial. *See In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). We review the trial court's denial of a jury demand for abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*,

5

925 S.W.2d 664, 666 (Tex. 1996).

The constitutional right to a jury trial may be waived by failing to timely file a request for a jury trial. *Sims*, 623 S.W.3d at 62. Although a request for jury trial more than thirty days in advance is presumed timely, *see* TEX. R. CIV. P. 216(a), that presumption may be rebutted if holding a jury trial would (1) injure the opposing party, (2) disrupt the trial court's docket, or (3) impede the ordinary handling of the court's business. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991). The record evidence must establish the existence of at least one of these three grounds or else the trial court's order is subject to mandamus correction. *See Willis*, 2021 WL 2006317, at *3.

Here, Arambula filed her request for a jury trial more than thirty days prior to the scheduled date of trial, which made her request presumptively timely under TEX. R. CIV. P. 216(a). The record presented before us is insufficient to rebut the presumption of timeliness.

On the question of injury, Mandell argues that Arambula's request for a jury trial injures him by forcing him to remain in an insupportable marriage pending trial while also continuing to pay Arambula's expenses under the terms of the MSA. Mandell further argues that the harm is compounded by the uncertainty regarding when a jury trial date will be set under current COVID-19 restrictions.

However, the cases Mandell cites in support of his argument present distinct circumstances not shown here. Mandell contends that the six-month delay, in and of itself, is sufficient to support a finding of injury to him, but two of the cases he cites are based on delays coupled with other extenuating factors causing the opposing party injury. For example, Mandell cites *Girdner v. Rose*, 213 S.W.3d 438, 443-44 (Tex. App.—Eastland 2006, no pet.)*,* to support his claim of injury. However, in that case, which involved a lease-to-own real estate purchase dispute, the injury that

6

caused the trial court to find forfeiture of Girdner's jury trial right stemmed not only from repeated delays caused by Girdner, but also from the fact that Girdner—who was the lessee on the property—had paid monthly rent to Rose—who was the property owner—using checks with a conditional notation that the bank would not honor. This created a risk to Rose that she would default on the property's mortgage. *See id*. at 443-44. Here, there is no evidence that Mandell is suffering injury apart from having to comply with a temporary agreement that is itself subject to change upon request from the court. Put another way, the record does not establish that the injury to Mandell will be different from the type of injury "that will result from the passage of time or from other delays that have already occurred or may occur in the future." *Willis*, 2021 WL 2006317, at *4.

Likewise, in *Crittenden v. Crittenden*, 52 S.W.3d 768, 769-70 (Tex. App.—San Antonio 2001, pet. denied), a wife in a divorce action complained that the trial court erred by ordering a bench trial rather than a jury trial based on a finding that the wife's jury trial request was not timely requested. The record showed, however, that the husband and wife had signed a settlement agreement covering issues including the division of property, child custody, and maintenance. *Id*. at 769. Wife then refused to sign an agreed divorce decree. *Id*. The case then remained pending on the non-jury docket where it was reset three times. *Id*. At that point, the wife then filed a notice of nonsuit on her petition for divorce. *Id*. Although the trial court granted her request, it also noted the husband's counterpetition and suit for enforcement of the settlement agreement remained pending. *Id*. A week later, the wife requested a jury trial for the first time. *Id*. Following an evidentiary hearing, the trial court granted the husband a no-fault divorce and entered the divorce decree in accordance with the settlement agreement. *Id*. On appeal, the San Antonio Court of Appeals held the trial court did not abuse its discretion under those circumstances finding the jury

7

trial request appeared to be another attempt to delay the divorce despite the settlement agreement. *Id.* Here, in contrast, there is no evidence Arambula is attempting to renege on a signed settlement agreement which addresses the parties' contested issues. Instead, no such agreement is included in our record other than a temporary agreement that pertains to the settlement of a request for temporary orders.

Finally, Mandell cites *Gaines v. Gaines*, 677 S.W.2d 727, 729-30 (Tex. App.—Corpus Christi 1984, no pet.), for the proposition that forcing a party to remain in an insupportable marriage, standing alone, is sufficient to show injury. In *Gaines*, which is also a divorce case, the court of appeals affirmed the trial court's finding that a jury demand was not timely filed although the demand was presumptively timely under the previous version of the rule governing requests for a jury trial. *Id.* at 729 (citing TEX. R. CIV. P. 216(a))(describing that no jury trial shall be had unless an application be made, and a required fee be deposited by the applicant, on appearance day, or if thereafter, within a reasonable time before the date set for trial on the non-jury docket, but not less than ten days in advance). However, the *Gaines* court's analysis is conclusory and unhelpful to our analysis, as it does not explain why the appellee was injured by a six-month delay, nor does it state explicitly that remaining in an insupportable marriage pending trial constitutes a legal injury.

In short, there is insufficient evidence on this record to show legal injury to Mandell.

As for the separate issues of docket disruption and impeding the handling of ordinary court business, the trial court also held it would not be able to soon accommodate the jury request due to COVID-19 restrictions being imposed on jury trials. However, we agree with our sister court in Houston that pandemic-related delays, in and of themselves, are insufficient to result in forfeiture of a litigant's constitutional right to trial by jury. *See In re Jetall Cos., Inc.*, No. 14-20-00690-CV,

2021 WL 1420950, at *4 (Tex. App.—Houston [14th Dist.] Apr. 15, 2021, orig. proceeding)(mem. op.). The fact that the request for a jury trial will result in this case joining others awaiting trial is insufficient to rebut the presumption of timeliness, as "any alleged prejudice suffered by [Mandell] in having to wait for a jury trial arises from the pandemic, not the timing of [Arambula's] jury demand." *Jetall*, 2021 WL 1420950, at *4; *see also Willis*, 2021 WL 2006317, at *5-6.

Based on the record presented, Arambula has established that the evidence before the trial court did not rebut the presumption of timeliness. As such, the trial court abused its discretion in denying the jury trial request. We sustain Issues One and the remaining part of Issue Three. Arambula has established she is entitled to mandamus relief as to her demand for a jury trial.

## CONCLUSION

We conditionally grant mandamus relief and order the trial court to (1) vacate the portion of the miscellaneous order denying Arambula's request for a jury trial, and (2) set this case for trial by jury. *See In re Willis*, 2021 WL 2006317, at *6. This order is limited solely to the request for trial by jury, not its actual setting. Nothing in this order limits the trial court's discretion to decide, as a matter of its own inherent docket management authority, when to hold a jury trial based on local COVID-19 conditions, scheduling availability, or other factors.

We are confident Respondent will comply with this directive, and the writ will issue only if Respondent fails to comply within 30 days. The stay of non-jury trial settings is lifted. The motion to clarify stay order is denied as moot.

GINA M. PALAFOX, Justice

April 25, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

9