Gregory Á. NASSAR, Appellant,

v.

Bill HUGHES, Bruce Fridley, and Jack Turner, Appellees.

No. 01–93–00515–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 7, 1994.

Rehearing Denied Aug. 25, 1994.

Kenneth C. Kaye, League City, for appellant.

Paul R. Lawrence, Houston, for appellees.

Before DUGGAN, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

Appellant, Gregory A. Nassar, sued appellees, Bill Hughes, Bruce Fridley, and Jack Turner, for breach of fiduciary duty and for actual fraud and fraud in the inducement. In addition, he sued Turner for accounting malpractice. The trial court granted a motion for instructed verdict on Nassar's fraud in the inducement claim against Turner. The jury found in favor of Hughes and Fridley on

1. Earl Stout, another stockbroker employed by EGT, participated through his company, S & E

Nassar's fraud in the inducement claims against them, and judgment was rendered for appellees.

Nassar contends that, before he rested, the trial court erred by striking various portions of his pleadings because no cause of action existed for: (1) accounting malpractice against Turner; (2) actual fraud against Nassar, a minority stockholder, by the appellees, the majority stockholders, directors, and officers; and (3) breach of fiduciary duty by appellees. We sustain Nassar's points of error. We reverse the trial court's judgment and remand to the trial court for further proceedings.

In September of 1983, Nassar began working as a stockbroker in the same office with Hughes and Fridley at the firm of Eppler Guerin and Turner Inc. (EGT). Turner, a certified public accountant, was a long time friend of Hughes and Fridley. Hughes, Fridley, and Turner formed HAT, Inc. (HAT), a corporation formed for the purpose of owning and operating a fast food restaurant named "Cliff's," located in Kingwood, Texas.

In early 1985, Hughes sought Nassar and Earl Stout's [1] participation in a second Cliff's restaurant. Under the terms of the solicitation, Nassar understood that he and Stout would each invest $50,000, and that HAT would invest $200,000, for a total initial capitalization of $300,000. Hughes, Fridley, Turner, Nassar, and Earl Stout formed and became the directors of a second corporation, Bacer, Inc. (Bacer), formed for the purpose of owning and operating the second Cliff's restaurant. There were three stockholders of Bacer: HAT owning two-thirds of the stock, Nassar owning one-sixth of the stock, and S & E Investments owning one-sixth of the stock.

Nassar and S & E each paid the $50,000. Contrary to Nassar's understanding, HAT invested $100,000 rather than $200,000. The remaining capital was raised by Bacer's borrowing $100,000 through a bank loan, with the personal guarantees of Hughes, Fridley,

Investments.

and Turner. Hughes, Fridley, and Turner were the officers of Bacer; Turner was the accountant for Bacer and HAT.

Ultimately, the restaurant failed, and Hughes, Fridley, and Turner, representing themselves as the sole directors and shareholders of Bacer, arranged a sale to a third party, without Nassar or Stout's knowledge or approval. Before the failure, Nassar claimed he was repeatedly assured by Hughes that it was doing well. In fact, tax deposits were not being made; Bacer was paying some obligations of HAT and HAT was paying some obligations of Bacer; Bacer made certain payments to Hughes; and Nassar did not receive financial information from Turner. Nassar was not aware of the financial condition of Bacer until after its failure.

Nassar then sued Hughes, Fridley, and Turner for fraud in the inducement, actual fraud, and breach of their fiduciary duties. He further sued Turner for accounting malpractice.[2] After both sides rested, the trial court granted an instructed verdict in favor of Turner on the fraud in the inducement claim. Before he rested, the trial court refused to allow Nassar's evidence on the accounting malpractice claim against Turner, and his evidence on the actual fraud and breach of fiduciary duty claims.

Nassar's contends that the trial court erred during the presentation of his plaintiff's case by striking portions of his pleadings on the ground that no such causes of action existed. We agree.

■ We know of no rule of procedure that would allow the trial court, in the manner it did, to strike Nassar's causes of action before he rested his case. When a party fails to state a cause of action or fails to plead all of the elements of a cause of action or defense, the opposition may file special exceptions. Tex.R.Civ.P. 90. Before special exceptions may be granted, there must be a written pleading to that effect, with notice to opposing counsel. *State v. Houdaille Indus.*, 632 S.W.2d 723, 724 (Tex.1982); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ). If a special

exception is granted, the party whose pleadings were struck must be given as a matter of right the opportunity to amend the pleadings. *Moseley*, 797 S.W.2d at 242. The trial court failed to give Nassar an opportunity to amend his pleadings.

■ If, however, the court was granting a motion for summary judgment, it was also improper. Rule 166 of the Texas Rules of Civil Procedure provides that a motion for summary judgment must be in writing, and the trial court may only rule on the matters presented in the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). The record reflects no such motion.

■ Further, the trial court may properly direct a verdict if no evidence is presented to support the cause of action. *Buckner v. Buckner*, 815 S.W.2d 877, 878 (Tex.App.—Tyler 1991, no writ); Tex.R.Civ.P. 268. However, if done before the plaintiff has presented all his evidence, it is reversible error. *Buckner*, 815 S.W.2d at 878. If we interpret the court's actions as a directed verdict, it was error for the trial court to direct a verdict before Nassar rested. *Id.*

Whether the court was (1) sustaining special exceptions, (2) granting a summary judgment, or (3) directing a verdict, it was error for the court to act in the manner it did. We sustain Nassar's points of error. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

---

**2.** Various other actions were pled by Nassar; however, the only ones on appeal are actual

fraud, breach of fiduciary duty, and accounting malpractice.