Gonzalo Mario RODRIGUEZ, Sr. and Aurora Rodriguez, Parents and Survivors Of Decedent, Gonzalo Mario Rodriguez, Jr., Appellants,

v.

TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RE-TARDATION, Appellee.

No. 13–95–063–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 13, 1997.

---

Roy S. Dale, Dale & Klein, McAllen, William L. Hubbard, Garcia & Sipes, McAllen, for Appellants.

Edwin M. Smith, Asst. Attorney General, Tort Litigation Division, Dan Morales, Attorney General, Jorge Vega, First Asst. Attorney General, Delmar L. Cain, Assistant Attorney General, Tort Litigation Division, Laquita A. Hamilton, Deputy Attorney General for Litigation, Patrick J. Feeney, Asst. Attorney General, Litigation Department, Austin, for Appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Gonzalo Mario Rodriguez, Sr. and Aurora Rodriguez, the parents of Gonzalo Rodriguez, Jr., deceased, appeal from a judgment dismissing with prejudice their claims against the Texas Department of Mental Health and Mental Retardation ("Department") for the wrongful death of their son. The Rodriguezes bring two original, and three supplemental points of error. The Department raises one cross point. We affirm.

The Rodriguezes originally sued a number of separate entities, including the Department and Tropical Texas Center for Mental Health and Mental Retardation ("Tropical Texas") for the wrongful death of their autistic son, which resulted from Gonzalo's accidental inhalation or ingestion of various chemicals while under the supervision of Tropical Texas' home for the autistic. However, the Rodriguezes settled with Tropical Texas, and their claims against the other governmental defendants were also disposed of, except those against the Department, whose liability rested on its statutory and contractual relationship with Tropical Texas. The Rodriguezes alleged that Tropical Texas was an employee of the Department for pur-

poses of liability under the Texas Tort Claims Act. The Department generally denied liability and specifically asserted sovereign immunity as a department of the State.

The case proceeded to trial and a jury panel was seated and sworn. However, the trial court then excused the jury in order for the attorneys to argue a motion in limine in which the Department requested that the Rodriguezes show the relevancy to the liability of the Department of various documents and contracts intended to be presented by the Rodriguezes.

After hearing argument on the motion in limine, the trial judge recessed for a private, unrecorded conference with the attorneys in his office. The record next indicates that the jury was recalled for the trial court to announce that the case had been disposed of. Both parties thanked the jurors for their service and made no objection to their dismissal.

After the jury had been dismissed, the following exchange took place between the trial court, counsel for the Rodriguezes (Mr. Hubbard and Mr. Dale), and counsel for the Department (Mr. Smith):

> The Court: Be seated, if you would like. Did you work out your proposed order?
> Mr. Hubbard: Yes.
>
> * * * * * *
>
> The Court: All right. Now, before I sign this and make it of record, is there some things [sic] you want to put into the record?
> Mr. Dale: Yes.
> Mr. Hubbard: Yes, Your Honor. We want to make some Bill of Exceptions.... [Whereupon, certain exhibits and deposition transcripts were identified and offered]
> Mr. Hubbard: That's all, Your Honor. Thank you.
> Mr. Dale: Thank you.
> The Court: Mr. Smith?
> Mr. Smith: Yes, sir, Your Honor. The defendants would also like to enter some exhibits for the record. [Whereupon, the Department also identified and offered exhibits and depositions in the form of a bill

of exceptions.].... And that concludes our bill on this matter.
> The Court: All right. The exhibits will be admitted, both plaintiffs and defendants. The final judgment, which has been approved, as to form, by Plaintiff and Defendant, will be entered as the final judgment in this case. .... Okay.
> Mr. Hubbard: Thank you. May we be excused?
> The Court: Gentlemen, thank you. You are excused.

The final judgment, signed and filed on the same day as the hearing, stated that, in consideration of "the pleadings, arguments, and representations of counsel, the Court is of the opinion, and so finds, that a verdict should be directed in favor of Defendant that [Tropical Texas] is not an employee of the [Department] as a matter of law and that the [Department] owed no duty to Plaintiffs as a matter of law." The judgment then ordered the Rodriguezes' causes of action dismissed with prejudice. It was signed by the attorneys for both parties as having been approved as to form only. The Rodriguezes then filed timely notice of appeal.

The Rodriguezes initially raised two points of error challenging the legal and factual sufficiency of the evidence to support the trial court's finding concerning the absence of liability of the Department for the alleged negligence of Tropical Texas. They later raised three more points of error complaining that they were improperly denied a jury trial and that the trial court erred in granting a directed verdict without any evidence having been presented.

We first address the Rodriguezes' three supplemental points of error.

 The record clearly indicates that both parties agreed to submit the case to the trial court in this summary fashion without a conventional trial or evidentiary hearing, but merely on the basis of numerous exhibits tendered to the trial court under the guise of a motion in limine. The proceedings below can, perhaps, best be described as an informal summary judgment on the question of liability raised by the consent of both parties at the beginning of the jury trial. *See Nas-*

*sar v. Hughes,* 882 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Rather than go through the time and expense of a conventional trial, the parties submitted a relatively simple question to the trial court concerning the legal relationship between the Department and Tropical Texas. When the trial court determined that issue against the Rodriguezes, the jury was then dismissed and the parties attempted to preserve the appellate record by bills of exception.

The Rodriguezes had every right to object to the summary disposition of their lawsuit in this manner and to demand that they be allowed to present their case to the jury in its entirety before the trial court could grant a directed verdict against them. *Cf. Id.* (plaintiff affirmatively attempted to present evidence but was cut off by the trial court's directed verdict). However, rather than object, the Rodriguezes appear to have accepted this procedure and even prepared the judgment for the trial court to sign.

▄▄ With regard to their right to a jury trial, the Rodriguezes failed to object to the discharge of the jury after the trial court announced that the case had been disposed of. A party waives his right to a jury trial by failing to object when the trial court instead undertakes to try the case before the bench. *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat. Assur. Co.,* 875 S.W.2d 385, 387 (Tex.App.—Dallas 1993, no writ); *Ball v. Farm & Home Sav. Ass'n,* 747 S.W.2d 420, 428 (Tex.App.-Fort Worth 1988, writ denied); *Fishing Publications, Inc. v. Williams,* 661 S.W.2d 323 (Tex.App.—Corpus Christi 1983, no writ).

▄▄ Moreover, the Rodriguezes also waived any right to a conventional bench trial when the trial court gave them the opportunity to present evidence on the record before judgment was signed. They offered en masse the exhibits and depositions which comprised their bill of exceptions. No live testimony or other evidence was offered or refused on the record of the present proceeding. Of course, we have no way of

knowing what occurred during the unrecorded conferences in the trial judge's chambers, which may have indicated the Rodriguezes' objections to this procedure. However, absent anything of record to preserve those objections, the Rodriguezes may not formally raise them for the first time in this Court. *See* Tex.R.App. P. 52(a). Having voluntarily forfeited their right to present the merits of their case by a conventional trial before the jury or bench, the Rodriguezes may not now complain on appeal of the summary procedures that they acquiesced in at trial. We overrule the Rodriguezes' three supplemental points of error.

By their first and second original points of error, the Rodriguezes challenge the legal and factual sufficiency of the evidence to support the trial court's finding that the Department was not liable for the alleged negligence of Tropical Texas, because it is not an employee of the Department.

▄▄ The Texas Tort Claims Act waives sovereign immunity for certain actions of governmental employees. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1986); *Harris County v. Dillard,* 883 S.W.2d 166, 167 (Tex.1994). The Act defines an "employee" as:

> [A] person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

Tex. Civ. Prac. & Rem.Code Ann. § 101.001(1) (Vernon 1986); *see White v. Liberty Eylau Independent School Dist.,* 920 S.W.2d 809, 814 (Tex.App.—Texarkana 1996, writ denied). Accordingly, to be an employee, a person must be under the control and direction of the alleged employer. *See White,* 920 S.W.2d at 814.

All of the evidence in the present case was presented in the form of exhibits to the motion in limine and bills of exception.[1]

---

1. Though never formally admitted into evidence at trial, these exhibits were clearly considered by the trial court, without objection from the parties, in reaching his decision on the merits of the underlying question whether Tropical Texas was an employee of the Department. Accordingly,

These exhibits generally showed that Tropical Texas is dependant upon federal Medicaid payments for funding the cost of care for its clients, and that these payments are made through either the Department or other state agencies. The Rodriguezes' counsel argued that Tropical Texas is an employee of the Department for purposes of liability because of the money that it receives from the government through the Department and the regulatory control that the Department exerts over Tropical Texas. However, the Department argued that Tropical Texas is an independent contractor as a matter of law, and that the Department is not responsible for the actions of Tropical Texas or vicariously liable as an employer.

Tropical Texas was established pursuant to statutory authority as a "community center," which is itself created by local units of government as "an agency of the state, a governmental unit, and a unit of local government, as defined and specified by [the Texas Tort Claims Act]." Tex. Health & Safety Code Ann. § 534.001(c)(1) (Vernon Supp.1997). Although the establishment of a community center is initially subject to the approval of the Department under section 534.001(d), Tropical Texas is generally under the direction and control of its own board of trustees as established by the local agencies that created it. *See* Tex. Health & Safety Code Ann. § 534.002 *et seq.* (Vernon 1992 & Supp. 1997).

Accordingly, Tropical Texas is a separate governmental entity for purposes of the Texas Tort Claims Act, and not merely a subdivision of the Department. The mere fact that Tropical Texas engages in an activity that is highly regulated by another state agency, or that Tropical Texas is generally dependent upon federal funds which are funneled through that agency or department, does not place it under that department or agency's control and direction, or make it an "employee" of that agency or department, for purposes of the Texas Tort Claims Act. The trial court correctly concluded that, as a matter of law, Tropical Texas is not the Depart-

for purposes of the present appeal, we assume that the exhibits were effectively admitted as

ment's employee. We overrule the Rodriguezes' original two points of error.

Having overruled all of the Rodriguezes' points of error, we need not address the Department's cross-point concerning application of the statute of limitations as an alternate bar to recovery. Tex.R.App. P. 90(a).

The judgment of the trial court is AFFIRMED.

evidence before the trial court.