**Robert H. WEDGEWORTH and Essie O. Wedgeworth, Trustees for the George W. Gabriel Living Trust, Appellants,**

v.

**James W. KIRSKEY, III, Individually and as Trustee, Bud Thompson a/k/a Norman P. Thompson and Nancy J. Thompson, Appellees.**

No. 04–98–00049–CV.

Court of Appeals of Texas, San Antonio.

Oct. 21, 1998.

David W. Ross, Law Offices of Ralph Brown, Frederick R. Zlotucha, Bert G. Miller, Law Offices Of Frederick R. Zlotucha, San Antonio, for Appellant.

Candance L. Smith, Houston, David A, Young, Mason, for Appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

LÓPEZ, Justice.

This case comes on appeal from a directed verdict from the 216th District Court in Bandera Texas. The trial court, on its own motion, granted a directed verdict in favor of appellees, James W. Kirskey, III, Individually and as Trustee, Bud Thompson a/k/a Norman P. Thompson and Nancy J. Thompson, (Kirskey). Appellants, Robert H. Wedgeworth and Essie O. Wedgeworth, Trustees

for the George W. Gabriel Living Trust, (Wedgeworth), raises six issues on appeal. The first issue addresses whether the trial court committed reversible error by ordering a directed verdict before Wedgeworth rested. We sustain Wedgeworth's first issue, and therefore do not address issues two through six. We reverse and remand this case for proceedings pursuant to this opinion.

## STATEMENT OF FACTS

On August 28,1984, George Gabriel sold approximately four hundred and ninety-seven acres in Bandera County to James Kirskey, trustee for Norman P. Thompson and Nancy J. Thompson. A real estate note and deed of trust were executed by Kirskey for the land. On December 18, 1984, Gabriel transferred the note and deed to the George W. Gabriel Living Trust pursuant to a transfer document. Two extensions on the lien note were made by Kirskey and Gabriel on September 9, 1989 and November 18, 1991. As a result of default on the note, a non-judicial foreclosure occurred on January 7, 1992. Subsequently, on February 25, 1993, a deficiency action was filed against Kirskey by Wedgeworth as trustee of the Gabriel Living Trust.

At trial, Kirskey filed a counterclaim alleging trespass to try title which they later non-suited. Before Wedgeworth rested, the court dismissed the jury and directed a verdict for Kirskey. The court ordered that Wedgeworth, as trustee, take nothing under the lien note and the deficiency claim. In addition, the court ordered that the foreclosure sale conducted pursuant to the note was void and had no effect or force.

## STANDARD OF REVIEW

A court may, upon motion and reasonable notice, disregard a jury finding and render a directed verdict where there is no evidence to support a cause of action. TEX.R. CIV. P. 301. On review, the Court must determine whether there was "any evidence of proba-

tive force to raise a fact issue on the material questions presented." *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). A reviewing court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983). A directed verdict can be affirmed where the trial court's reasoning is erroneous, provided that the verdict can be supported on another basis. *See Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.).

## DISCUSSION AND ANALYSIS

Wedgeworth contends that the trial court erred in ordering a directed verdict before Wedgeworth rested. Kirskey alleges, even if this was error, it was not reversible error. A trial court may not properly direct a verdict, on its own motion, if all of the evidence has not been presented. *Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist] 1994, writ denied). It is reversible error if done before the plaintiff has presented all his evidence. *Buckner v. Buckner*, 815 S.W.2d 877, 878 (Tex.App.—Tyler 1991, no writ) (citing 3 R. MCDONALD, TEXAS CIVIL PRACTICE § 11.26.B, p. 190 (rev.1983)).

In the present case, the evidence offered before the jury consisted of Wedgeworth's edited videotape testimony and exhibits admitted consisting of correspondence and a diagram of the land. In addition, Kirskey testified as an adverse witness for the purpose of showing the obligation on the lien note and the extensions made on the note. The only testimony heard by the jury was that of Wedgeworth and Kirskey. Based on the record, Wedgeworth was precluded from presenting all his evidence to prove a deficiency claim.[1] The trial court ordered a directed verdict because Wedgeworth did not have possession of the note and could not show ownership of the note.

---

1. Four elements must be shown for a party to be entitled to a deficiency judgment on a foreclosure sale. The party seeking the deficiency must: (1) establish the amount due at the time of foreclosure, (2) demonstrate that notice of acceleration was given; (3) demonstrate that a valid foreclosure sale occurred; and (4) credit was given to the obligor for the amount received. *See Thompson v. Chrysler Bus. Credit*, 840 S.W.2d 25 (Tex.App.—Dallas 1992, no writ).

Kirskey argues that if error exists in granting a directed verdict before a party rests, the test on review should be a harmless error test. In support of this argument, Kirskey relies on *Ormsby v. Travelers Indem. Co. of Rhode Island,* 573 S.W.2d 281 (Tex.Civ.App.—Waco 1978, no writ). Kirskey argues that error occurred in *Ormsby* because the plaintiff was precluded from presenting certain key witnesses. *Id.* at 285. The implication is that error is only harmful when a party is prevented from presenting *enough* evidence to sustain their claim. We find that such a reading of the *Ormsby* case is extremely broad. Neither the rules of civil procedure or the words of the reviewing court in *Ormsby* imply that a directed verdict be reviewed under a harmless error test. The purpose of a motion for a directed verdict is to show the trial court that a cause of action does not exist. This can only be done *after* the plaintiff has had *full opportunity* to present their evidence. *Nassar,* 882 S.W.2d at 37 (emphasis added).

## CONCLUSION

Based on the facts stated above we sustain Wedgeworth's first issue and reverse and remand the case for further proceedings.