**Opinion filed December 31, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00369-CV
_____

### AMY LYNN CARRIGER, Appellant

### V.

### BRADLEY CHRISTOPHER CARRIGER, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCDV-09-09009**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree of divorce. Following a nonjury trial, the trial court granted appellant, Amy Lynn Carriger, and appellee, Bradley Christopher Carriger, a divorce; named them joint managing conservators of their four children; gave appellee the exclusive right to designate the children's residence; and ordered appellant to pay child support. Appellant contends in four issues that the trial court erred when it (1) set the final hearing only twenty-eight days in advance; (2) denied her request for a jury trial; (3) failed to enter certain findings of fact

and conclusions of law; and (4) considered testimony from a previous temporary orders hearing that had not been introduced and admitted at the final trial. We affirm.

Because specific dates are relevant to our discussion of the first two issues, the pertinent case history is provided below. Appellant and appellee were married on July 16, 1999. They had four children together, all of whom were under eighteen at the time of the divorce. On May 28, 2009, appellee filed a petition for divorce against appellant. On December 16, 2009, appellant filed an answer and counter-petition for divorce.

On January 8, 2010, a hearing for temporary orders was held. On April 5, 2010, the trial court entered temporary orders, which among other things, named appellant and appellee as temporary joint managing conservators of the children and gave appellee the exclusive right to designate the primary residence of the children. Appellant was also ordered to pay appellee child support.

On June 17, 2010, the trial court entered an order setting the case for a dismissal docket hearing on August 13, 2010. Two days prior to the hearing, appellee filed a motion to retain the case on the docket and to set the case for a final hearing. On August 13, 2010, the trial court entered an order in which it retained the case on the docket and set the case for trial on September 10, 2010.

On the day before trial, appellant filed a motion to substitute counsel, filed a jury trial request, paid the jury fee, and filed a motion for continuance.

The court heard the motion for continuance and denied the motion prior to trial on September 10, 2010. The court also heard the jury trial request prior to trial and ruled it untimely. The nonjury trial then commenced.

During trial, appellant re-urged the motion for continuance and jury trial request. The court denied both. Following the trial, the court ruled in appellee's favor and entered a final decree of divorce on September 27, 2010.

In her first issue, appellant complains that, on August 13, when the trial court set the case for trial on September 10, it violated Rule 245 of the Texas Rules of Civil Procedure by only setting the case twenty-eight days from the date of the order instead of at least forty-five days. Rule 245 provides, in pertinent part:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided,

however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

Tex. R. Civ. P. 245.

However, Rule 245's notice requirement may be waived. *Stallworth v. Stallworth*, 201 S.W.3d 338, 346–47 (Tex. App.—Dallas 2006, no pet.); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658–59 (Tex. App.—San Antonio 2002, no pet.). In neither her motion for continuance nor her argument to the trial court in favor of the motion did appellant urge lack of proper notice under Rule 245. The alleged Rule 245 violation was not urged before the trial court until after the final divorce decree had been entered when appellant filed her motion for new trial. Because appellant proceeded to trial without objecting that she had not received adequate notice pursuant to Rule 245, her complaint was waived. Tex. R. App. P. 33.1. Issue One is overruled.

In her second issue, appellant complains that the trial court violated Rule 216 of the Texas Rules of Civil Procedure by denying her jury trial request because her request was not timely filed. Rule 216 provides, in pertinent part: "No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216. Appellant argues that because the trial court scheduled the trial setting only twenty-eight days in advance, it was impossible for appellant to file her request for a jury trial thirty days in advance in compliance with Rule 216, and, therefore, her request, though within thirty days of the setting, should be deemed timely. *Simpson v. Stem*, 822 S.W.2d 323, 324 (Tex. App.—Waco 1992, orig. proceeding).

Even if we are to assume that appellant's request for a jury is presumed to have been made a reasonable time before trial, our inquiry does not end there. As we stated in *Girdner v. Rose*, 213 S.W.3d 438, 443–44 (Tex. App.—Eastland 2006, no pet.):

> Trial courts, however, are not required to honor every jury request simply because it is received more than thirty days before trial. Courts have the discretion to determine what is a reasonable amount of time dependent upon the individual circumstances of each case. *See Wittie v. Skees*, 786 S.W.2d 464, 466 (Tex. App.—Houston [14th Dist.] 1990, writ denied). The party opposing a jury request may rebut the presumption of reasonableness by showing that a jury trial will injure them, disrupt the trial court's docket, or impede the ordinary handling

3

of the court's business. *Crittenden v. Crittenden*, 52 S.W.3d 768, 769 (Tex. App.—San Antonio 2001, pet. denied).

We cannot say that the trial court abused its discretion when it denied appellant's jury trial request. As noted above, the request was filed the day before the trial setting and more than fifteen months after the suit was originally filed. In addition to the jury trial request, the record also reflects that, one day before trial, appellant filed a motion to substitute counsel, a motion for preparation of a social study, and a request for inspection of appellee's property. These were appellant's first filings since she filed her answer and counter-petition in December of 2009. In neither the trial court nor on appeal did appellant contest appellee's representation at the pretrial hearing that appellee was ready for trial and had witnesses ready. Issue Two is overruled.

In her third issue, appellant contends that the trial court erred and abused its discretion when it failed to enter the following findings of fact or conclusions of law: (1) that the eldest child expressed her preference for appellant to be designated as her custodial parent; (2) that from October 2000 until November 2008, appellant was the primary caretaker of the children and that in November 2008 appellant and appellee agreed that appellee would be the temporary custodial parent of the children until appellant could "get back on her feet"; and (3) that it was in the best interest of the children that appellant have the exclusive right to designate the children's residence.

A trial court has wide latitude when it makes decisions on custody, control, possession, and visitation of children. *In re T.J.S.*, 71 S.W.3d 452, 458 (Tex. App.—Waco 2002, pet. denied). We review a trial court's decision on such matters for an abuse of discretion and will reverse that decision only if the record as a whole shows that the trial court abused that discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules or principles, it has abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court does not abuse its discretion when there is some evidence of a substantive and probative character to support its decision. *In re Marriage of Jeffries*, 144 S.W.3d 636, 639 (Tex. App.—Texarkana 2004, no pet.).

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002 (West 2008); *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002).

At trial, before a lunch recess, appellee testified and was cross-examined by appellant's counsel. Following the recess, the court stated on the record that it was going to visit with the oldest child who was nine years old at the time. The court recessed and visited with the child in chambers. When court resumed, appellant's counsel gave a summation of her case and the court and each parties' counsel discussed some remaining matters.

According to appellee's testimony, appellant and appellee stopped living together in June of 2008. Following their separation, appellee moved out of the family home and the four children lived with appellant until November 2008. During that time, appellant did not work and appellee helped financially support appellant and the children. In November, appellant and appellee agreed for appellee to take possession of the children so that appellant could get a job and "get her life back together." Then appellant could take the kids back. Appellee testified that he never intended to return the children. When asked at what point the agreement changed, he stated that she never asked for them back. Appellee testified that he did not feel that appellant was ever doing "okay." In November, appellant was evicted from the home. Afterwards, she never had her own house to take the kids, always lived with someone else, and never showed the appellee that she could support herself. Appellee's testimony also included information about his job, the schools and activities that the children were involved in while in his care, the home he and the children shared, and how he thought the children were doing.

Following the court's meeting in chambers with the oldest child, the judge noted that the child expressed that she wanted to live with her mother.

When appellant's attorney gave the summation of appellant's case, he disagreed with appellee's characterization that in November 2008 appellant needed to get her life back together; instead, he stated that she was "going to get [her] stuff in order so [she could] now be the responsible mother without needing [appellee's support]." The attorney also stated, "I don't think she probably made the complete effort that she should have to - - to get them back, but I do believe that she did at some point prior to the filing of this originally [say] I want my kids back." Otherwise, appellant did not contest appellee's testimony.

Under these circumstances, we cannot find that the trial court abused its discretion. The trial court has wide latitude in determining the child's best interest. *Gillespie*, 644 S.W.2d at 451. Here, there is sufficient evidence to support the trial court's conclusion that it was in the

best interest of the children for appellee to be granted the exclusive right to designate the children's residence.

We also hold that the trial court did not err when it did not enter additional findings of fact concerning the oldest child's preference, as well as when the children lived with the appellant prior to November 2008, and in relation to the agreement appellant and appellee had in 2008. "When the requested additional findings of fact concern matters which were not disputed in the evidence, the court commits no error in refusing to make the additional findings." *Rathmell v. Morrison*, 732 S.W.2d 6, 19 (Tex. App.—Houston [14th Dist.] 1987, no writ); *see Tamez v. Tamez*, 822 S.W.2d 688, 692–93 (Tex. App.—Corpus Christi 1991, writ denied). There is nothing in the record to indicate that any of appellant's requested findings of fact were disputed. Issue Three is overruled.

In her fourth issue, appellant contends that the trial court erred when it considered testimony from the previous temporary orders hearing that had not been introduced and admitted at the final trial. The basis for appellant's argument is that because of the limited testimony and informal nature of the proceeding, the court had to rely on prior testimony and evidence to make its decision. There is nothing in the record to show that the trial court relied on previous evidence, if any existed. Furthermore, no complaint or objection was made in the trial court as to the limited testimony and informal nature of the proceedings. Rule 33.1; *Rodriguez v. Tex. Dep't of Mental Health & Mental Retardation*, 942 S.W.2d 53, 56 (Tex. App.—Corpus Christi 1997, no pet.). Issue Four is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

December 31, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6