Opinion filed December 31,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00369-CV

                                                    __________

 

                                AMY
LYNN CARRIGER, Appellant

 

                                                             V.

 

                   BRADLEY
CHRISTOPHER CARRIGER, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

                                            Trial Court
Cause No. CCDV-09-09009

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This
is an appeal from a final decree of divorce.  Following a nonjury trial, the
trial court granted appellant, Amy Lynn Carriger, and appellee, Bradley
Christopher Carriger, a divorce; named them joint managing conservators of
their four children; gave appellee the exclusive right to designate the
children’s residence; and ordered appellant to pay child support.  Appellant contends
in four issues that the trial court erred when it (1) set the final hearing
only twenty-eight days in advance; (2) denied her request for a jury trial; (3)
failed to enter certain findings of fact and conclusions of law; and (4)
considered testimony from a previous temporary orders hearing that had not been
introduced and admitted at the final trial.  We affirm.  

            Because
specific dates are relevant to our discussion of the first two issues, the pertinent
case history is provided below.  Appellant and appellee were married on July
16, 1999.  They had four children together, all of whom were under eighteen at
the time of the divorce.  On May 28, 2009, appellee filed a petition for
divorce against appellant.  On December 16, 2009, appellant filed an answer and
counter-petition for divorce.

            On
January 8, 2010, a hearing for temporary orders was held.  On April 5, 2010,
the trial court entered temporary orders, which among other things, named
appellant and appellee as temporary joint managing conservators of the children
and gave appellee the exclusive right to designate the primary residence of the
children.  Appellant was also ordered to pay appellee child support.

            On
June 17, 2010, the trial court entered an order setting the case for a
dismissal docket hearing on August 13, 2010.  Two days prior to the hearing,
appellee filed a motion to retain the case on the docket and to set the case
for a final hearing.  On August 13, 2010, the trial court entered an order in
which it retained the case on the docket and set the case for trial on
September 10, 2010.

            On
the day before trial, appellant filed a motion to substitute counsel, filed a
jury trial request, paid the jury fee, and filed a motion for continuance.

            The
court heard the motion for continuance and denied the motion prior to trial on
September 10, 2010.  The court also heard the jury trial request prior to trial
and ruled it untimely.  The nonjury trial then commenced. 

            During
trial, appellant re-urged the motion for continuance and jury trial request.  The
court denied both.  Following the trial, the court ruled in appellee’s favor
and entered a final decree of divorce on September 27, 2010.

            In
her first issue, appellant complains that, on August 13, when the trial court
set the case for trial on September 10, it violated Rule 245 of the Texas Rules
of Civil Procedure by only setting the case twenty-eight days from the date of
the order instead of at least forty-five days.  Rule 245 provides, in pertinent
part: 

            The
Court may set contested cases on written request of any party, or on the
court's own motion, with reasonable notice of not less than forty-five days to
the parties of a first setting for trial, or by agreement of the parties;
provided, however, that when a case previously has been set for trial, the
Court may reset said contested case to a later date on any reasonable notice to
the parties or by agreement of the parties. 

            

Tex. R. Civ. P. 245.

            However,
Rule 245’s notice requirement may be waived.  Stallworth v. Stallworth,
201 S.W.3d 338, 346–47 (Tex. App.—Dallas 2006, no pet.); Custom-Crete, Inc.
v. K-Bar Servs., Inc., 82 S.W.3d 655, 658–59 (Tex. App.—San Antonio 2002,
no pet.).  In neither her motion for continuance nor her argument to the trial
court in favor of the motion did appellant urge lack of proper notice under Rule
245.  The alleged Rule 245 violation was not urged before the trial court until
after the final divorce decree had been entered when appellant filed her motion
for new trial.  Because appellant proceeded to trial without objecting that she
had not received adequate notice pursuant to Rule 245, her complaint was
waived.  Tex. R. App. P. 33.1. 
Issue One is overruled.

            In
her second issue, appellant complains that the trial court violated Rule 216 of
the Texas Rules of Civil Procedure by denying her jury trial request because
her request was not timely filed.  Rule 216 provides, in pertinent part: “No
jury trial shall be had in any civil suit, unless a written request for a jury
trial is filed with the clerk of the court a reasonable time before the date
set for trial of the cause on the non-jury docket, but not less than thirty
days in advance.” Tex. R. Civ. P. 216. 
Appellant argues that because the trial court scheduled the trial setting only twenty-eight
days in advance, it was impossible for appellant to file her request for a jury
trial thirty days in advance in compliance with Rule 216, and, therefore, her
request, though within thirty days of the setting, should be deemed timely.  Simpson
v. Stem, 822 S.W.2d 323, 324 (Tex. App.—Waco 1992, orig. proceeding).   

            Even
if we are to assume that appellant’s request for a jury is presumed to have been made a reasonable time before trial,
our inquiry does not end there.  As we stated in Girdner v. Rose, 213 S.W.3d
438, 443–44 (Tex. App.—Eastland 2006, no pet.): 

Trial courts,
however, are not required to honor every jury request simply because it is
received more than thirty days before trial.  Courts have the discretion to
determine what is a reasonable amount of time dependent upon the individual
circumstances of each case.  See Wittie v. Skees, 786 S.W.2d 464, 466
(Tex. App.—Houston [14th Dist.] 1990, writ denied).  The party opposing a jury
request may rebut the presumption of reasonableness by showing that a jury
trial will injure them, disrupt the trial court’s docket, or impede the
ordinary handling of the court’s business.  Crittenden v. Crittenden, 52
S.W.3d 768, 769 (Tex. App.—San Antonio 2001, pet. denied).

 

            We
cannot say that the trial court abused its discretion when it denied
appellant’s jury trial request.  As noted above, the request was filed the day
before the trial setting and more than fifteen months after the suit was
originally filed.  In addition to the jury trial request, the record also reflects
that, one day before trial, appellant filed a motion to substitute counsel, a
motion for preparation of a social study, and a request for inspection of
appellee’s property.  These were appellant’s first filings since she filed her
answer and counter-petition in December of 2009.  In neither the trial court nor
on appeal did appellant contest appellee’s representation at the pretrial
hearing that appellee was ready for trial and had witnesses ready.  Issue Two
is overruled.

            In
her third issue, appellant contends that the trial court erred and abused its
discretion when it failed to enter the following findings of fact or
conclusions of law: (1) that the eldest child expressed her preference for appellant
to be designated as her custodial parent; (2) that from October 2000 until
November 2008, appellant was the primary caretaker of the children and that in
November 2008 appellant and appellee agreed that appellee would be the temporary
custodial parent of the children until appellant could “get back on her feet”;
and (3) that it was in the best interest of the children that appellant have
the exclusive right to designate the children’s residence.  

            A
trial court has wide latitude when it makes decisions on custody, control,
possession, and visitation of children. In re T.J.S., 71 S.W.3d 452, 458
(Tex. App.—Waco 2002, pet. denied).  We review a trial court’s decision on such
matters for an abuse of discretion and will reverse that decision only if the record
as a whole shows that the trial court abused that discretion.  Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  If a trial court acts
arbitrarily or unreasonably, without reference to any guiding rules or
principles, it has abused its discretion.  Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990).  A trial court does not abuse its discretion when
there is some evidence of a substantive and probative character to support its
decision.  In re Marriage of Jeffries, 144 S.W.3d 636, 639 (Tex. App.—Texarkana
2004, no pet.).

            “The
best interest of the child shall always be the primary consideration of the
court in determining the issues of conservatorship and possession of and access
to the child.”  Tex. Fam. Code Ann.
§ 153.002 (West 2008); Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex. 2002).

            At
trial, before a lunch recess, appellee testified and was cross-examined by
appellant’s counsel.  Following the recess, the court stated on the record that
it was going to visit with the oldest child who was nine years old at the time. 
The court recessed and visited with the child in chambers.  When court resumed,
appellant’s counsel gave a summation of her case and the court and each
parties’ counsel discussed some remaining matters.

            According
to appellee’s testimony, appellant and appellee stopped living together in June
of 2008.  Following their separation, appellee moved out of the family home and
the four children lived with appellant until November 2008.  During that time, appellant
did not work and appellee helped financially support appellant and the
children.  In November, appellant and appellee agreed for appellee to take
possession of the children so that appellant could get a job and “get her life
back together.”  Then appellant could take the kids back.  Appellee testified
that he never intended to return the children.  When asked at what point the
agreement changed, he stated that she never asked for them back.  Appellee
testified that he did not feel that appellant was ever doing “okay.”  In
November, appellant was evicted from the home.  Afterwards, she never had her
own house to take the kids, always lived with someone else, and never showed
the appellee that she could support herself.  Appellee’s testimony also
included information about his job, the schools and activities that the
children were involved in while in his care, the home he and the children
shared, and how he thought the children were doing.

            Following
the court’s meeting in chambers with the oldest child, the judge noted that the
child expressed that she wanted to live with her mother.

            When
appellant’s attorney gave the summation of appellant’s case, he disagreed with
appellee’s characterization that in November 2008 appellant needed to get her
life back together; instead, he stated that she was “going to get [her] stuff
in order so [she could] now be the responsible mother without needing
[appellee’s support].”  The attorney also stated, “I don’t think she probably
made the complete effort that she should have to - - to get them back, but I do
believe that she did at some point prior to the filing of this originally [say]
I want my kids back.”  Otherwise, appellant did not contest appellee’s
testimony.

            Under
these circumstances, we cannot find that the trial court abused its
discretion.  The trial court has wide latitude in determining the child’s best
interest.  Gillespie, 644 S.W.2d at 451.  Here, there is sufficient
evidence to support the trial court’s conclusion that it was in the best interest
of the children for appellee to be granted the exclusive right to designate the
children’s residence.

            We
also hold that the trial court did not err when it did not enter additional
findings of fact concerning the oldest child’s preference, as well as when the
children lived with the appellant prior to November 2008, and in relation to the
agreement appellant and appellee had in 2008.  “When the requested additional
findings of fact concern matters which were not disputed in the evidence, the
court commits no error in refusing to make the additional findings.”  Rathmell
v. Morrison, 732 S.W.2d 6, 19 (Tex. App.—Houston [14th Dist.] 1987, no
writ); see Tamez v. Tamez, 822 S.W.2d 688, 692–93 (Tex. App.—Corpus
Christi 1991, writ denied).  There is nothing in the record to indicate that
any of appellant’s requested findings of fact were disputed.  Issue Three is
overruled.       

            In
her fourth issue, appellant contends that the trial court erred when it
considered testimony from the previous temporary orders hearing that had not
been introduced and admitted at the final trial.  The basis for appellant’s
argument is that because of the limited testimony and informal nature of the
proceeding, the court had to rely on prior testimony and evidence to make its
decision.  There is nothing in the record to show that the trial court relied
on previous evidence, if any existed.  Furthermore, no complaint or objection
was made in the trial court as to the limited testimony and informal nature of
the proceedings.  Rule 33.1; Rodriguez v. Tex. Dep’t of Mental Health &
Mental Retardation, 942 S.W.2d 53, 56 (Tex. App.—Corpus Christi 1997, no
pet.).  Issue Four is overruled. 

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

December 31, 2012

Panel consists
of:  Wright, C.J.,

McCall, J., and
Willson, J.