# NO. 12-24-00242-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *JON GONZALES,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator Jon Gonzales challenges the denial of his demand for a jury trial.  Relator requests a writ of mandamus directing Respondent[1] to vacate his order denying Relator's jury trial demand as untimely and confirming that the underlying proceeding is scheduled for trial to the bench.  We deny the writ.

### BACKGROUND

Relator is the son of the decedent in the underlying probate proceeding.  Relator filed an application for independent administration of his father's estate.  The Real Party in Interest, Shannon Spradling, filed a counterapplication for independent administration, in which she asserted that she is the decedent's spouse and sought to be appointed administrator.  Spradling and the decedent were previously married, but they divorced in 2014.  Spradling contended that after the divorce, she became the decedent's common law wife.  Relator filed a motion in limine challenging Spradling's standing to seek appointment as administrator.

---

[1] Respondent is the Honorable Joshua Z. Wintters, Judge of the County Court at Law in Van Zandt County, Texas.

Respondent initially set the case for bench trial on September 22, 2022. On that date, Respondent heard evidence regarding Spradling's standing, received a report from the attorney ad litem regarding determination of heirship, and released the attorney ad litem with the parties' agreement. Respondent also reset the case for bench trial on a later date and ordered the parties to mediation. On October 4, Respondent signed a judgment, in which he found that Relator's sworn application to determine heirship of the decedent's estate "came on to be heard" on September 21 and 22, 2022, as did Relator's motion in limine regarding Spradling's standing. In his judgment, Respondent stated that all parties announced "ready" and "the Court addressed the sole issue of Shannon K. Spradling's requisite interest to appear and file pleadings in this matter as wife of Decedent." In his judgment, Respondent concluded that "the evidence presented and admitted fully and satisfactorily proves Shannon K. Spradling to be the wife of Decedent, John Anthony Gonzales, who died intestate."

Relator asserts that the parties twice unsuccessfully attempted mediation, and that "no trial date was set" during that time. In November 2022, Respondent's court administrator sent a written notice to the parties informing them that the matter was reset for bench trial on March 3, 2023; however, it appears that the case was continued to a later date. On March 23, 2023, Relator filed a written jury demand and paid the fee. Relator asserts that at a pretrial hearing on May 23, 2024, he re-urged his request for a jury trial, but Respondent refused to set the case for trial and requested briefing from the parties regarding the issue. On July 12, 2024, after Respondent received the parties' briefs, Respondent signed an order denying Relator's request for jury trial and setting the case for a bench trial on August 12, 2024. In his order, Respondent stated that after reviewing the parties' briefs and taking judicial notice of the record, the court found as follows:

> Applicant, Jon Gonzales' demand for jury trial has been waived as untimely and improper as, primarily but not solely, said request and fee were filed far after the initial trial setting in this cause and after the case was called for bench trial (though other issues ultimately were taken up on that day). As such, the above styled and number[ed] cause remains set for BENCH trial beginning August 12, 2024[,] at 9:00 a.m.

Relator then filed this original proceeding, in which he argues that Respondent is "flagrantly denying Relator's statutory and constitutional right to a jury trial, ignoring precedential law, and abusing his discretion." In response, Spradling argues that because Relator announced "ready" and participated in the two-day proceeding that took place when the trial court called the case for a bench trial in September 2022, Relator waived his right to demand a jury trial. Spradling

2

further asserts that in the interest of judicial economy, Respondent heard testimony regarding both her standing and determining heirship. We granted Relator's request for a stay of the trial court's proceedings pending resolution of the mandamus petition.

**PREREQUISITES TO MANDAMUS**

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the record establishes that the court clearly abused its discretion and relator lacks an adequate remedy at law. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator bears the burden of establishing both prerequisites to mandamus. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts, and a clear failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

The denial of a trial by jury is reviewable by mandamus. *In re Prudential*, 148 S.W.3d at 139. Because the right to a jury trial constitutes a substantial right and the denial of a jury demand is not reviewable by interlocutory appeal, a party who is wrongfully deprived of the right to a jury trial lacks an adequate remedy by appeal. *In re Pool*, No. 03-18-00299-CV, 2019 WL 287940, at *4 (Tex. App.—Austin Jan. 23, 2019, orig. proceeding) (mem. op.); *see also Walker*, 827 S.W.2d at 842 (holding that mandamus is appropriate when party stands to lose substantial right).

A party seeking mandamus relief must provide a sufficient record to establish the right to mandamus relief. TEX. R. APP. P. 52.7; *Walker*, 827 S.W.2d at 837; *In re Mack,* No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.—Tyler July 10, 2019, orig. proceeding) (mem. op.) Specifically, a relator must file (1) a certified copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

## JURY DEMAND

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding) (quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)). The Texas Constitution guarantees the right to a jury trial. TEX. CONST. art. I, § 15. Additionally, the Texas Estates Code provides that a party in a contested probate "is entitled to a jury trial as in other civil actions." TEX. ESTATES CODE ANN. § 55.002 (West 2020).

In a civil case, a party must make a written request for a jury trial and pay the jury fee at least thirty days before the date the case is set for trial on the nonjury docket. TEX. R. CIV. P. 216. If a party does not timely request a jury trial, a court does not abuse its discretion by denying a jury trial. *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985). Even when a request is untimely, "a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Gayle*, 951 S.W.2d at 476. If a court continues a case to a date more than thirty days from the date a party demanded a jury trial, an otherwise untimely jury demand becomes timely. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371-72 (Tex. 1991). However, a party waives his right to a jury trial by failing to assert it before the trial court "undertakes to try the case before the bench." *In re R.R.*, 676 S.W.3d 808, 816 (Tex. App.—Corpus Christi 2023, no pet.) (quoting *Rodriguez v. Tex. Dep't of Mental Health & Mental Retardation*, 942 S.W.2d 53, 56 (Tex. App.—Corpus Christi 1997, no pet.)); *see Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2023) (concluding that when trial court heard first witness's testimony before party paid jury fee, trial court did not abuse its discretion by proceeding to bench trial).

As mentioned above, it is Relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.7; *Walker*, 827 S.W.2d at 837; *In re Mack*, 2019 WL 3024757, at *1. In this case, Respondent explicitly found in his order of October 4, 2022, that he called the underlying case to trial before the bench in September 2022. Relator failed to provide this Court with a transcript of the September 2022 proceeding. It is unusual for a bench trial to begin in September 2022 but not proceed further until August 2024; however, absent a transcript elucidating what transpired at the September 2022 proceeding, we cannot conclude that Respondent abused his discretion by finding that said proceeding constituted the beginning of a bench trial and concluding that Relator waived his right to a jury trial by failing

to assert it before the bench trial began. *See* TEX. R. APP. P. 52.7; ***In re Columbia Med. Ctr.***, 290 S.W.3d at 207; ***In re Cerberus***, 164 S.W.3d at 382; ***In re Prudential***, 148 S.W.3d at 135-36; ***Walker***, 827 S.W.2d at 837. We therefore conclude that Relator fails to demonstrate his entitlement to mandamus relief.

## DISPOSITION

Having concluded that Respondent did not abuse his discretion by denying Relator's demand for a jury trial because Relator failed to assert it until after trial to the bench began, we ***deny*** the petition for writ of mandamus. We ***lift*** our stay of August 2, 2024.

BRIAN HOYLE
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00242-CV**

**IN RE: JON GONZALES,**
Relator

v.

**HON. JOSHUA Z. WINTTERS,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Jon Gonzales, who is the relator in appellate cause number 12-24-00242-CV and an applicant in trial court cause number 15702, pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on August 1, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED, and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*